UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

JOSEPH HENRY ROWEHL,

    Plaintiff,

v.

OMNI CREDIT SERVICES OF FLORIDA, INC
and CAVALRY PORTFOLIO SERVICES, LLC,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. (hereinafter the "FCCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where Defendants reside in this district, and where Defendants regularly transact business in this district.

### PARTIES

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) as well as the FCCPA.

5. Defendant, Omni Credit Services of Florida, Inc, ("Defendant") or ("Omni") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

7. Defendant, Cavalry Portfolio Services, LLC, ("Defendant") or ("Cavalry") is a limited liability company who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) as well as the FCCPA.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as well the FCCPA..

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

12.     In connection with the collection of two alleged debts in default, Defendant Omni Credit Services of Florida, Inc. ("Omni"), itself and on behalf of Defendant Cavalry Portfolio Services, LLC ("Cavalry"), began placing calls to Plaintiff's residence on or about August 29, 2011, regarding two accounts ending in 0500 and 0507 ("the Accounts").

13.     In response to Omni's calls, Plaintiff sent Omni written correspondence dated September 6, 2011, and in such correspondence, stated in relevant part(s):

> "I am writing in response to phone calls I received from Omni Credit Services between the dates of 31 August 2011, and 1 September 2011, because I do not owe what you say I owe.
>
> * * * * *
>
> I demand that you stop calling me at home, at work, on my cell phone or at any other location." [Emphasis in original] (*See* Client's Cease & Desists Letter, attached hereto as Exhibit A).

14.     Included with Plaintiff's September 6, 2011 correspondence were two letters from Navy Federal Credit Union to Plaintiff, dated April 26, 2010 and September 16, 2010, confirming that the Accounts did not belong to Plaintiff. (*See* Navy Federal Credit Union Letters, attached hereto as Exhibit B).

15.     Omni received Plaintiff's September 6, 2011 correspondence on September 9, 2011 at 1:00 P.M. (*See* USPS confirmation receipt, attached hereto as Exhibit C).

16.     In response to Plaintiff's dispute, Cavalry itself and on behalf of OBO Cavalry sent Plaintiff a two-page "Verification of Debt" written communication dated November 10, 2011, and in such communication, stated in relevant part(s):

> "Dear Customer,
>
> Per your request, please find enclosed the verification of your debt.
>
>     * * * * *

        Verification of Debt
Original Institution:    Navy FCU
Original Account Number:  42134285810500
Cavalry Reference Number:  13254269
Open Date:      01-FEB-2000
Charge Off Date:    29-MAR-2005
Account Balance:    $7,578.75"

[Emphasis in original]

(*See* Debt Verification Letter, attached hereto as Exhibit D).

17. Upon information and good-faith belief, in its November 10, 2011 communication, Cavalry misrepresented that it had verified the alleged debt.

18. Despite having actual knowledge that Plaintiff did not owe the Accounts, Cavalry re-placed the Accounts with Omni in or around May 2012.

19. Further, despite its receipt of Plaintiff's demand to cease and desist from placing any and all telephone calls to Plaintiff, Omni, itself and on behalf of Cavalry, placed telephone calls to Plaintiff's residence, including, but not limited to, calls placed on the following dates and times:

- May 10, 2012 at 2:33 P.M.;
- May 17, 2012 at 8:29 P.M.; and
- May 18, 2012 at 2:05 P.M.;

20. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(1)**
**DEFENDANT OMNI**

21. Plaintiff repeats and re-alleges each and every allegation contained above.

22. Omni violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Omni violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## **COUNT II**
## **VIOLATION OF 15 U.S.C. § 1692c(a)(1)**
## **DEFENDANT CAVALRY**

23. Plaintiff repeats and re-alleges each and every allegation contained above.

24. Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Omni, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(c)
## DEFENDANT OMNI

25. Plaintiff repeats and re-alleges each and every allegation contained above.

26. Omni violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Omni violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692c(c)
## DEFENDANT CAVALRY

27. Plaintiff repeats and re-alleges each and every allegation contained above.

28. Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Omni, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V
### VIOLATION OF 15 U.S.C. § 1692d(5)
### DEFENDANT OMNI

29. Plaintiff repeats and re-alleges each and every allegation contained above.

30. Omni violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Omni violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VI
### VIOLATION OF 15 U.S.C. § 1692d(5)
### DEFENDANT CAVALRY

31.     Plaintiff repeats and re-alleges each and every allegation contained above.

32.     Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Omni, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Cavalry violated 15 U.S.C. § 1692d(5);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

### COUNT VII
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### DEFENDANT OMNI

33.     Plaintiff repeats and re-alleges each and every allegation contained above.

34.     Omni violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Omni violated 15 U.S.C. § 1692e(2)(A);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VIII
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### DEFENDANT CAVALRY

35. Plaintiff repeats and re-alleges each and every allegation contained above.

36. Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Omni, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Cavalry violated 15 U.S.C. § 1692e(2)(A);

 b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

 c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

 d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IX
### VIOLATION OF 15 U.S.C. § 1692e(10)
### DEFENDANT OMNI

37. Plaintiff repeats and re-alleges each and every allegation contained above.

38. Omni violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting that Plaintiff owes the alleged debts by continuing to attempt to collect on the alleged debts.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Omni violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF 15 U.S.C. § 1692e(10)
## DEFENDANT CAVALRY

39. Plaintiff repeats and re-alleges each and every allegation contained above.

40. Cavalry, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Omni, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

41. Cavalry violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff, including, but not limited to: misrepresenting that Plaintiff owes the alleged debts by continuing to attempt to collect on the alleged debts; and misrepresenting that Cavalry verified the alleged debts when

it had written confirmation from the original creditor that the alleged debts did not belong to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF 15 U.S.C. § 1692f
## DEFENDANT CAVALRY

42. Plaintiff repeats and re-alleges each and every allegation contained above.

43. Cavalry violated 15 U.S.C. § 1692f by using unfair or unconscionable means against Plaintiff in connection with an attempt to collect an alleged debt, including, but not limited to: continuing to attempt to collect alleged debts when Cavalry had written confirmation from the original creditor that the alleged debts did not belong to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATIONS OF SECTION 559.72(7) OF THE FCCPA
## AGAINST OMNI

45. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-44 of this complaint.

46. Omni violated Fla. Stat. § 559.72(7) by willfully engaging in conduct reasonably expected to abuse or harass Plaintiff or any member of Plaintiff's family.

47. As a result of Omni's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOSEPH HENRY ROWEHL, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Emotional and/or mental anguish damages;

c. Statutory damages of $1,000.00;

d. Plaintiff's attorneys' fees and costs;

e. Any other relief deemed appropriate by this Honorable Court.

## COUNT XIII
## VIOLATIONS OF SECTION 559.72(7) OF THE FCCPA
## AGAINST CAVALRY

48. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-47 of this complaint.

49. Cavalry, by virtue of its status as a "debt collector" under the FCCPA, is liable for actions of Omni, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

50. As a result of Cavalry's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOSEPH HENRY ROWEHL, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Emotional and/or mental anguish damages;

    c.    Statutory damages of $1,000.00;

    d.    Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## COUNT XIV
## VIOLATIONS OF SECTION 559.72(9) OF THE FCCPA
## AGAINST OMNI

51. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-50 of this complaint.

52. Omni violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist.

53. As a result of Omni's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOSEPH HENRY ROWEHL, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e. Any other relief deemed appropriate by this Honorable Court.

## COUNT XV
## VIOLATIONS OF SECTION 559.72(9) OF THE FCCPA
## AGAINST CAVALRY

54. Plaintiff re-alleges and incorporates by reference as though fully set forth herein, paragraphs 1-53 of this complaint.

55. Cavalry, by virtue of its status as a "debt collector" under the FCCPA, is liable for actions of Omni, the debt collector retained to collect an alleged debt from Plaintiff on its behalf.

56. As a result of Cavalry's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOSEPH HENRY ROWEHL, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Emotional and/or mental anguish damages;

    c. Statutory damages of $1,000.00;

    d. Plaintiff's attorneys' fees and costs;

    e.    Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

57.    Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this <u>1st</u> day of <u>August</u>, 2012.

        Respectfully submitted,
        JOSEPH HENRY ROWEHL

        By:<u> Alex D. Weisberg</u>
        ALEX D. WEISBERG
        FBN: 0566551
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFF
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com